been lost in the hands of Ramos, or in the transit across the Isthmus, before it reached Zachrisson & Nelson, or while in their hands at Panama.

I admit that the point on which the case turns is a nice one, and not without its difficulties, which might have been cleared up and disembarrassed by further testimony. But, I am inclined to think, that upon the strict principles of the law governing the case, the burden lay upon the libellant to furnish the evidence. He should have given some testimony legally tending to show that the goods had not been delivered to Zachrisson & Nelson, or to Ramos, their agent at Chagres. I find no such evidence in the case, and must, therefore, affirm the decree below, with costs.

## Case No. 4,618.

### The FALCON.

[4 Blatchf. 367.][1]

Circuit Court, S. D. New York. Sept. 29, 1859.

Welcome R. Beebe, for libellants.

Charles L. Benedict and Edward C. Delavan, for claimants.

NELSON, Circuit Justice, said that, in admiralty, the name of any party who had lost his interest in the suit could, on a proper application, be stricken from the record. Decree affirmed.

## Case No. 4,619.

### The FALCON.

### FLYNN v. The FALCON.

[17 Betts, D. C. MS. 15.]

District Court, S. D. New York. Nov. 3, 1849.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

BETTS, District Judge. The libel alleges that the schooner Ellen, owned by the libellant, on the night of January 23rd, 1849, on her voyage from New York to Suffolk, Virginia, encountered the steamboat Falcon between Little Egg harbor and Absecom beach, off the Jersey shore, running towards New York. The wind was S. W. by S., and the schooner was closehauled, heading S. S. E., and was struck by the steamboat on her starboard bow, and sunk immediately, and she charges that the collision was caused by the fault and negligence of the steamer, without blame on the part of the schooner; that the schooner, at the time, was worth $3,000. The claimants, by their answer, aver their ownership of the steamer, and deny that the collision was caused by the fault or negligence of those in her charge, or that it could not have been avoided by the schooner, and aver that it was caused by the fault of the schooner, but set up no particulars as to the position and courses of the two vessels. Evidence, partly depositions and partly oral, was given on both sides. Benjamin H. Moss, master of the schooner, and Joseph Moss and William Waters, hands on board of her, supported the allegations of the libel. They testify that the collision occurred about six o'clock in the morning. The captain and Waters were on deck when they first discovered the smoke of the steamer. She was then, the captain supposes, two and a half miles off and to the windward of the schooner, and Waters noticed her about a mile off, and apparently 100 yards to windward. At six the two other men were called. Joseph Waters says when he came on deck the steamer appeared about a mile off to the